**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **SANTANA McCREE**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13 C 3664 |
| | ) | |
| **MICHAEL LEMKE**, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Santana McCree ("McCree") has brought a 42 U.S.C. § 1983 Complaint against a number of defendants, using the printed form supplied by the Clerk's Office for persons in custody. That Complaint has been accompanied by a hand-printed Motion for Appointment of Counsel ("Motion") and an In Forma Pauperis Application ("Application"). This Court's initial screening called for by 28 U.S.C. § 1915A[1] has prompted the issuance of this memorandum order.

As for the Application, its accompanying printout of transactions in McCree's trust fund account at Stateville Correctional Center ("Stateville," where he is serving his sentence) reflects that the average monthly deposits to that account for the six months preceding the filing of this action (see Section 1915(a)(2) and (b)(1)) amounted to $60.12, 20% of which (id.) is $12.02. Accordingly McCree is assessed that initial fee of $12.02, and the Stateville trust fund officer is ordered to collect that amount from McCree's trust fund account there and to pay it directly to the Clerk of Court ("Clerk"):

---

[1] All further references to Title 28's provisions will simply take the form "Section --."

Office of the Clerk
United States District Court
219 South Dearborn Street
Chicago IL 60604

Attention: Fiscal Department

After such payment, the trust fund officer at Stateville (or at any other correctional facility where McCree may hereafter be confined) is authorized to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $350 filing fee is paid. Both the initial payment and all future payments shall clearly identify McCree's name and the 13 C 3664 case number assigned to this action. To implement these requirements, the Clerk shall send a copy of this order to the Stateville trust fund officer.

Even though this Court has not of course received the initial payment on account of the filing fee as yet, the situation that McCree's Complaint describes is so appalling that this Court grants the Motion in advance of that payment, and it has obtained the name of this member of the District Court trial bar to represent McCree pro bono publico:

Chapman & Spingola LLP
77 West Wacker Drive - Suite 4800
Chicago IL 60601
(312) 630-9202

This Court directs that appointed counsel to communicate with McCree forthwith, and it also orders the Illinois Attorney General's Office to make suitable arrangements to that end (including, if possible, making McCree available for an unmonitored telephone conversation with appointed counsel, to spare the latter from having to make a trip to Stateville for that

purpose). This Court is also contemporaneously issuing its customary order for an initial status hearing. In the interim McCree's appointed counsel should arrange with the Illinois Attorney General's Office for service of process on defendants (for which purpose counsel will be entitled to any required reimbursement from court funds), rather than having that carried out by the Marshals Service.

                                                            Milton I. Shadur
                                                           Senior United States District Judge

Date: May 24, 2013